**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

THE CENTURY FOUNDATION,

    One Whitehall Street, 15th Floor
    New York, NY 10004

          Plaintiff,

    v.

UNITED STATES DEPARTMENT
OF EDUCATION,

    400 Maryland Ave, SW
    Washington, D.C. 20202

          Defendant.

---

Civil Action No. 18-3352

## COMPLAINT

1.     Plaintiff The Century Foundation ("TCF") brings this action against the United States Department of Education ("ED" or "Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.     Venue is proper in this district pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4.      TCF is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged

in disseminating information to the public.  TCF's mission is to foster opportunity, reduce

inequality, and promote security at home and abroad.  To further its mission, TCF gathers

information, including through responses to FOIA requests submitted to government agencies, in

order to inform the public through disseminating documents, reports, analyses, and commentary

via, *inter alia*, its website, social media, press releases and other comments to the media, and

regulatory comments to government agencies.

5.      TCF has its principal place of business at One Whitehall Street, New York, NY

10004, which is located within this District.

6.      Defendant ED is a department of the executive branch of the U.S. government

headquartered in Washington, D.C., and an agency of the United States within the meaning of 5

U.S.C. § 552(f)(1).  ED, in its current form, was created by the Department of Education

Organization Act of 1979, 20 U.S.C. § 3401 *et seq.*  ED has possession, custody, and control of

the records that TCF seeks to obtain and which ED is unlawfully failing to disclose.

## STATEMENT OF FACTS

1.      In a December 20, 2017 Press Release ("the Release"), ED made an

announcement regarding a "new process" to "fairly compensate[]" students "for damages"

suffered by students due to misrepresentations made by institutions of higher education.  The

Department referred to the Release as part of its "unveil[ing]" of "an improved discharge process

for borrower defense to repayment (BDR) claims." The new process would include a structure of

"tiers of relief" to compensate students "based on damages incurred."

2.      A true and correct copy of the Press Release, as it exists on the Department's website is attached hereto as Exhibit A.

3.      On January 19, 2018, TCF submitted a letter to ED containing numerous requests under FOIA (collectively "the Requests") relating to the Release.

4.      A true and correct copy of the letter containing the Requests is attached hereto as Exhibit B.

5.      Through Section 455(h) of the Higher Education Act, as amended, Congress required the Secretary of Education to specify in regulation the acts or omissions of an institution of higher education that a borrower may assert as a defense to repayment of a loan made under Title IV of the Higher Education Act.  The Department established regulations covering such defenses at 34 C.F.R. § 685.206(c), effective July 1, 1995.

6.      In 2016, the Department issued revised regulations ("2016 Regulations"), which were scheduled to be effective July 1, 2017.  These revised regulations established a Federal standard for borrower defense claims. 81 Fed. Reg. 75926 (Nov. 1, 2016).

7.      On June 16, 2017, the Department, citing pending litigation and 5 U.S.C. § 705, announced a delay in the implementation, until further notice, of selected provisions of the 2016 Regulations.  82 Fed. Reg. 27621 (June 16, 2017).

8.      On October 24, 2017, and without altering the delay announced under 5 U.S.C. § 705, the Department announced that, under its interpretation of section 482 of the HEA, 20 U.S.C. § 1089, selected provisions of the 2016 Regulations would have an effective date of July 1, 2018.  82 Fed. Reg. 49114 (Oct. 24, 2017).  On that same date, the Department published a Notice of Proposed Rulemaking proposing to delay the effective date of the 2016 Regulations until July 1, 2019.  82 Fed. Reg. 49155 (Oct. 24, 2017).  On February 14, 2018, the Department

issued a Final Regulation delaying the effective date of certain provisions of the 2016 Regulations until July 1, 2019. 83 Fed. Reg. 6458 (Feb. 14, 2018). Accordingly, until the delay in the implementation of the 2016 Regulations is lifted, all "borrower defense" claims are subject to the regulations that became effective July 1, 1995.

9.      In December 2017, the U.S. Department of Education Office of the Inspector General issued a report titled *Federal Student Aid's Borrower Defense to Repayment Loan Discharge Process* (Dec. 8, 2017), ED-OIG/I04R0003 ("OIG Report"). A copy of that Report can be found at: https://www2.ed.gov/about/offices/list/oig/auditreports/fy2018/i04r0003.pdf.

10.      In announcing the "new process" for determining borrower defense relief, the Department asserted that the "new process" constituted a "respon[se] to concerns raised by inspector general." The OIG Report makes no mention of any need by the Department to create a structure of "tiers of relief" to compensate students "based on damages incurred."

11.      The Department's Office of Federal Student Aid's ("FSA") comments on OIG Report, which are included in the OIG Report itself as Appendix C, provide that "FSA will ensure that OGC's advice in connection with any future relief determinations will be formally documented and incorporated into FSA's existing borrower defense protocols and processes." OIG Report, at page 36.

12.      Former students of Corinthian Colleges, Inc. owned for-profit colleges have sought a preliminary injunction to block the Department from applying the "new process" to deny them full relief to which they are entitled and that the Department previously provided to other Corinthian borrowers. The motion for preliminary injunction is pending in the Northern District of California and a hearing date is set for April 30, 2018. Plaintiffs' Notice of Motion

and Motion for Preliminary Injunction, Calvillo Manriquez v. DeVos, 17-cv-7210 (N.D. Cal., March 17, 2018).

13.     The Requests made reference to the Release and sought the following records:

a.  Documents sufficient to show the methodology used by the Department of Education to determine the "proportionally tiered relief to compensate" student borrowers for "the difference" and "make them whole."

b.  All documents describing how "the improved process" announced in the Release "will ... compensate former Corinthian students based on damages incurred," as those phrases are used in the Release.

c.  Documents sufficient to show how any borrower afforded relief under the December 2017 methodology will be "ma[d]e ... whole" by an application of the Methodology.

d.  Documents sufficient to show what the Department considered to be a "passing gainful employment (GE) program" as that phrase is used in the Release.

e.  Documents sufficient to show how the Department determined what constitutes a particular student's "GE program peer[]," as that phrase is used in the Release.

f.  Documents sufficient to show how the Department "will apply a credit to interest that particular student loan borrower's account, including the amount of any such credit applied.

g.  Documents sufficient to show the breakdown of the 12,900 claims "approved" by the Department in the "Action Taken Today," including, for each claim approved by the Department on December 20, 2017: (i) the CCI program or programs for each approval and (ii) by program, the number of approvals receiving 100% relief, 50% relief, 40% relief, 30% relief, 20% relief; and/or 10% relief.

h.  Documents sufficient to show the approval process for the 12,900 claims approved and 8,600 hundred claims denied (as announced in the Release). By "approval process," this request seeks copies of any signed memoranda seeking or providing the basis for the approval or denial of the claims, including the names of individuals requesting or granting such approval.

i.  Templates for all versions of the approval and denial letters or other notices that borrowers have received, or will receive, under the procedures that are the subject of the Release.

14.     The Requests also included a statement that the Department provide "records describing the processing" of the requests, "including records sufficient to identify search terms used (if any), and locations and custodians searched and any tracking sheets used to track the processing."

15.     On January 24, 2018, ED notified TCF that it had assigned the Request tracking number 18-00876-F.  A true and correct copy of that communication is attached hereto as Exhibit C.

16.     On February 15, 2018, ED informed TCF that it was granting TCF's request that fees associated with the processing of the Requests be waived.  A true and correct copy of that communication is attached hereto as Exhibit D.

17.     On February 23, 2018, TCF requested an update regarding the status of FOIA No. 18-00876-F.  That same day, the Department responded that it was "[c]onducting [s]earch for responsive records."  The Department also informed TCF that it "want[s] to handle it as soon as possible but we must process all FOIA request[s] in their order of receipt."  The Department also stated that the "analyst that has been assigned" to TCF's requests "has been notified in hopes to provide you with additional information."  A true and correct copy of this exchange is attached hereto as Exhibit E.

18.     TCF has not received any further communication from ED regarding FOIA No. 18-00876-F.

19.     A "Request Status Log" posted on the Department's website detailed that, as of March 8, 2018, the "Request Status" for this Request was "Conducting Search."  In contrast, other requests on this log show that the department is "Reviewing Records," "Requesting Feedback," or that the request is "Closed."

*Exhaustion of Administrative Remedies*

20.     As of the date of this Complaint, ED has failed to (a) notify TCF of a final

determination regarding the Request, including the scope of any responsive records ED intends

to produce or withhold and the reasons for any withholdings; or (b) produce the requested

records or demonstrate that the requested records are lawfully exempt from production.

21.     Through ED's failure to respond to TCF's FOIA requests within the time period

required by law, TCF has constructively exhausted its administrative remedies and seeks judicial

review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**

22.     TCF repeats the allegations in the foregoing paragraphs and incorporates them as

though fully set forth herein.

23.     TCF properly requested records within the possession, custody and control of ED.

24.     ED is an agency subject to FOIA and it must therefore make reasonable efforts to

search for requested records.

25.     ED has failed to promptly review agency records for the purpose of locating those

records that are responsive to TCF's FOIA requests.

26.     ED's failure to conduct adequate searches for responsive records violates FOIA.

27.     Plaintiff TCF is therefore entitled to declaratory and injunctive relief requiring ED

to promptly make reasonable efforts to search for records responsive to TCF's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records**

28.     TCF repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29.     TCF properly requested records within the possession, custody, and control of ED.

30.     ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

31.     ED is wrongfully withholding non-exempt records requested by TCF by failing to produce records responsive to its FOIA requests.

32.     ED's failure to provide all non-exempt responsive records violates FOIA.

33.     Plaintiff TCF is therefore entitled to declaratory and injunctive relief requiring ED to promptly produce all non-exempt records responsive to its FOIA requests and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **<u>REQUESTED RELIEF</u>**

WHEREFORE, TCF respectfully requests the Court to:

(1) Order ED to conduct a search or searches reasonably calculated to uncover all records responsive to TCF's FOIA requests;

(2) Order ED to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to TCF's FOIA requests and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin ED from continuing to withhold any and all non-exempt records responsive to TCF's FOIA requests;

(4) Award TCF attorneys' fees and other litigation costs reasonably incurred in this action,

pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant TCF such other relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Martha U. Fulford*
Martha U. Fulford (N.Y. Bar 4923520)
National Student Legal Defense Network
1015 15th Street, N.W.
Washington, D.C. 20005
martha@nsldn.org
(202) 734-7495

*Counsel for The Century Foundation*

Dated: April 17, 2018